IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-02504-PSF-CBS

DAVE A. BOONE,

       Plaintiff,

v.

MVM, Inc.,

       Defendant.

## STIPULATED PROTECTIVE ORDER

This is an action for an alleged breach of contract and violation of Colorado's public policy. Plaintiff has sought to discover information which Defendant MVM, Inc.("MVM") believes is confidential and/or proprietary business information or personnel information of other employees or former employees. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of plaintiff and defendant and/or of current or former MVM employees and/or contractors, or that constitutes trade secrets or other non-public business and/or financial information about plaintiff or defendant. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it, the consent of the individual whose personnel file is at issue, or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for, trial or other proceedings in this case;

   (e) the Court and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g) deponents, witnesses, or potential witnesses to the extent such disclosure is necessary to the witness' deposition or trial testimony and preparation therefore; and

   (h) other persons by written agreement of the parties.

 5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "BUSINESS CONFIDENTIAL." Even if a document in not stamped "BUSINESS CONFIDENTIAL," but such document is logically and normally considered as private and confidential and is not in the public realm, then it shall be treated as if it were stamped "BUSINESS CONFIDENTIAL." Such documents shall include, but not be limited to, documents that are personal and confidential in nature such as income tax returns, personnel files, medical information, financial information, employment contracts, and the like.

7. Whenever an exhibit to a deposition or testimony in a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of the deposition as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information as CONFIDENTIAL within fourteen days of receipt of the disputed information so designated. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation of the information as CONFIDENTIAL to file an appropriate motion within thirty days of receipt of the disputed information so designated, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order, unless and until the Court determines that the disputed information is not properly designated and treated as CONFIDENTIAL under this Protective Order. Should information be designated as CONFIDENTIAL at a time subsequent to its disclosure, the process and deadlines described herein for objecting to the designation of such information as CONFIDENTIAL shall begin at such time as the

objecting party first knows or should have known that the information was being designated as CONFIDENTIAL.

9.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10.    The terms of this Protective Order shall survive the termination of this action, and all protection established by this Protective Order shall remain in effect in perpetuity.

11.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 17th day of April, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 11th day of April 2006.

| THOMAS H. STOCKER, P.C. | LITTLER MENDELSON, P.C. |
|---|---|
| *s/Thomas H. Stocker* | *s/Michael A. Freimann* |
| Thomas H. Stocker | Lawrence W. Marquess |
| 200 Union Blvd., Suite 118 | Michael A. Freimann |
| Lakewood, CO  80228 | 1200 17th Street, Suite 2850 |
| | Denver, CO 80202 |
| *Attorney for Plaintiff* | (303) 629-6200 |
| | *Attorneys for Defendant* |