IN THE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02504-EWN-CBS

DAVE A. BOONE,

    Plaintiff,

v.

MVM, Inc., a California corporation that does business in Colorado,

    Defendant.

---

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

---

As set forth below, plaintiff objects to Defendant's Bill of Costs that were submitted to this Court on Feb. 26, 2008 (Doc. No. 120). Defendant therefore asks that this Court deny defendant's Bill of Costs. If any costs are allowed, plaintiff then asks that this Court stay collection thereof pending resolution of an appeal by plaintiff of this Court's Feb. 15, 2008 Judgment.

    1.    28 U.S.C. § 1920 provides for the taxation of costs as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees under section 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
>   A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C.A. § 1920

2. "A trial court has no discretion to award costs not listed in section 1920. . . The prevailing party has the burden of proving that the expenses sought to be taxed fall within the section 1920 categories. . . If the prevailing party carries this burden, a presumption arises in favor of taxing those costs. . . The amount of such costs, however, must be carefully scrutinized to insure that it is reasonable. . . A trial court reviews de novo the clerk's assessment of costs and the final award rests in the sound discretion of the court." ***Dutton v. Johnson County Bd. of County Com'rs***, 884 F. Supp. 431, 436 (D. Kan. 1995) (citations omitted).

3. Under the category of "Other costs," defendant seeks $3,520.33 for "Costs for attendance at Court mandated hearings." A breakdown is a follows:

$1,976.02 for settlement conference

$875.26 for status and pre-trial conference

$669.05 for hearing on plaintiff's Motion to Compel

4.     Costs for "attendance at Court mandated hearings" are not authorized by 28 U.S.C. § 1920 and therefore cannot be awarded. ***Dutton***, *supra.*

5.     Even if they are mandated, defendant was sued in Colorado because it does business in Colorado (Answer, ¶ 30). It has Colorado counsel who have been of record since the inception of this case. Larry Marquess and Michael Freimann represent defendant and maintain their office at 1200 17th Street, Denver, Colorado, within walking distance of the federal courthouse.

6.     Local counsel could have handled the January 2008 settlement conference (they handled the first one on Aug. 2, 2006 (Doc. # 39)). Likewise, the status and pre-trial conference could have been handled by local counsel. The hearing on plaintiff's Motion to Compel was necessitated by defendant's unwillingness to produce documents requested by plaintiff. The hearing did not involve any witness testimony and could have been handled by Denver based defense counsel. The ruling was mostly favorable to plaintiff (Doc. #80).

7.     To the extent that any costs are awarded to defendant, plaintiff prays that under Fed. R. Civ. Proc., 62(c) and (d) that defendant be stayed from collecting any such costs pending the resolution of plaintiff's appeal.

WHEREFORE, plaintiff prays that defendant's Bill of Costs be denied. Alternatively, if any such costs are awarded, plaintiff prays that collection thereof be stayed pending his appeal.

DATED: March 2, 2008.

                    Respectfully submitted,

                    THOMAS H. STOCKER, P.C.,
Attorney at Law
*s/ Thomas H. Stocker*
By: _____
Thomas H. Stocker, #14716
200 Union Blvd., #118
Lakewood, Colorado  80228

Phone:  303-988-4205
Fax: 303-989-2825
Email: tom@thstocker.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2008, a true and correct copy of the foregoing was served as follows:

<u>Via ECF to</u>:

District Court Clerk - Civil
Alfred J. Arraj US Courthouse
901 19th Street
Denver, CO 80294

Jason M. Branciforte, Esq.
Katherine A. Goetzl, Esq.
Littler Mendelson
1150 17th Street, NW, #900
Washington, D.C.  20036

Lawrence W. Marquess, Esq.
Michael A. Freimann, Esq.
Littler Mendelson
1200 17th Street, # 1300
Denver, CO 80202-5835


<u>Via email to</u>:

Dave A. Boone

                                                     */s/ Thomas H. Stocker, signature on file*